```
                   UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLUMBIA
_____
                              )
LORI MCLAUGHLIN,              )
                              )
        Plaintiff,            )
                              )
        v.                    )  Civil Action No. 11-1868 (RWR)
                              )
ERIC HOLDER, JR.,             )
                              )
        Defendant.            )
_____)
```

**MEMORANDUM OPINION AND ORDER**

Plaintiff Lori McLaughlin, who served as a special agent at the Department of Justice's Bureau of Alcohol, Tobacco, and Firearms ("ATF"), brings claims against defendant Attorney General Eric Holder, Jr., in his official capacity, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, alleging that ATF discriminated against her on the basis of race and sex and subjected her to reprisals for filing previous complaints of discrimination.  The Attorney General moves to dismiss for improper venue or in the alternative for transfer of venue to the Middle District of Florida.  Because the District of Columbia is not an appropriate venue for McLaughlin's claims, but the Middle District of Florida is an appropriate venue and a transfer is in the interest of justice, the motion to dismiss for improper venue will be denied and the motion to transfer will be granted.

BACKGROUND

McLaughlin, an African-American woman, worked for ATF as a special agent in the Orlando Field Office. (Compl. ¶¶ 9, 12.) McLaughlin alleges that she was discriminated against by being "deliberately excluded from the Special Agent of the Third Quarter Award" in 2006. (Id. ¶ 36.) She also alleges that her second-line supervisor gave her a less than outstanding performance evaluation in 2009 without consulting with her direct supervisor and despite the fact he had no contact with her regarding job elements, assignments, or investigations. (Id. ¶¶ 30-32.) At the time of her evaluation, the supervisor was aware of prior Equal Employment Opportunity ("EEO") activity by McLaughlin where he had been named as the responsible management official. (Id. ¶ 34.) McLaughlin alleges that she was excluded from the performance award, received the negative performance evaluation, and was discriminated against in career advancement on the basis of race (Counts I, IV, and VII, respectively), on the basis of sex (Counts II, V, and VIII, respectively), and in reprisal for her having filed prior EEO complaints (Counts III, VI, and IX, respectively). McLaughlin alleges that "[v]enue is appropriate in this district" because "[t]he unlawful employment practice occurred in a branch of

Defendant, which is centrally located in the District of Columbia." (Compl. ¶ 3.)

The Attorney General moves to dismiss under Federal Rule of Civil Procedure 12(b)(3) for improper venue, or, in the alternative, moves to transfer to the Middle District of Florida under 28 U.S.C. § 1406(a). (Def.'s Mot. to Dismiss, or in the Alternative to Transfer ("Def.'s Mot.") at 1.) He argues that the Middle District of Florida is the proper venue because all relevant events occurred in Florida. (Def.'s Mem. of P. & A. in Supp. of Def.' Mot. ("Def.'s Mem.") at 5.) He further contends that the Tampa Field Division maintains the employment records for the Orlando Field Office where McLaughlin worked and that McLaughlin never sought employment with ATF in the District of Columbia. (Id. at 6-7.)

McLaughlin opposes dismissal and transfer, arguing that venue is proper in this district because the Attorney General heads the Department of Justice, which has its principal office in the District of Columbia and which has "ultimate custody" of her employment records. (Pl.'s Opp'n to Def.'s Mot. to Dismiss, or in the Alternative to Transfer ("Pl.'s Opp'n") at 3 n.1, 4.) McLaughlin further argues that the defendant has previously "accepted venue" in this district in an earlier EEO action and in a related Title VII case that she brought. (Id. at 1.)

## DISCUSSION

Rule 12(b)(3) permits a district court to dismiss a case for improper venue. Fed. R. Civ. P. 12(b)(3); see also Walden v. Locke, 629 F. Supp. 2d 11, 13 (D.D.C. 2009). "In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." Darby v. U.S. Dep't of Energy, 231 F. Supp. 2d 274, 276 (D.D.C. 2002). "To prevail on a motion to dismiss for improper venue, a defendant must present facts sufficient to defeat a plaintiff's assertion of venue." Walden, 629 F. Supp. 2d at 13. Ultimately, it is the plaintiff's burden to establish that venue is proper, id., and materials outside the pleadings may be considered, Haley v. Astrue, 667 F. Supp. 2d 138, 140 (D.D.C. 2009). Under 28 U.S.C. § 1406(a), if a court finds that venue is improper, the court may "dismiss, or if it be in the interest of justice, transfer" the case to a proper venue. 28 U.S.C. § 1406(a). "Generally, the 'interest of justice' instructs courts to transfer cases to the appropriate judicial district, rather than dismiss them." James v. Booz-Allen & Hamilton, Inc., 227 F. Supp. 2d 16, 20 (D.D.C. 2002).

A plaintiff bringing claims under Title VII must sue in a jurisdiction that meets the special venue requirements of 42

U.S.C. § 2000e-5(f)(3).  The special venue provision allows actions to be brought in

> [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).  In determining the district implicated by the first three bases, courts engage in a "'commonsense appraisal' of events having operative significance."  Darby, 231 F. Supp. 2d at 277 (quoting Lamont v. Haig, 590 F.2d 1124, 1134 (D.C. Cir. 1978)).  As the statutory language indicates, the fourth basis for venue -- the location of the defendant's principal office -- is an option when the plaintiff is unable to sue the defendant in any of the districts provided for by the first three bases.  Walden, 629 F. Supp. 2d at 14.

With regard to the first potential basis for venue -- the location where the unlawful employment practice is alleged to have been committed -- McLaughlin asserts in her complaint that she served "in the Orlando Field Office of ATF at all relevant times in this action."  (Compl. ¶ 12.)  The specific allegations in the complaint describe actions taken by McLaughlin's

supervisors at the field office in Florida and do not describe actions taken in the District of Columbia.  (Compl. ¶¶ 16-33; see also Def.'s Mot., Declaration of John F. Ryan ("Ryan Decl.") ¶ 6 (stating that all events relevant to the present action occurred in Florida).)  Actions that the complaint alleges occurred in this district were McLaughlin filing complaints of discrimination with the EEOC, an agency located in this district, of which her supervisors in Florida were aware. (Compl. ¶¶ 13, 24, 34.)  However, her filings were her own actions, not unlawful employment practices committed by the ATF. Moreover, venue is not proper in the District of Columbia where, as here, "'a substantial part, if not all, of the employment practices challenged in this action' took place outside the District even when actions taken in the District 'may have had an impact on the plaintiff's situation.'"  Darby, 231 F. Supp. 2d at 277 (quoting Donnell v. Nat'l Guard Bureau, 568 F. Supp. 93, 94 (D.D.C. 1983)).

With regard to the second potential basis for venue -- the location where employment records relevant to the alleged unlawful employment practice are maintained and administered -- McLaughlin's complaint does not allege that relevant records are found in this district.  The Attorney General has submitted a declaration from John Ryan, Special Agent in Charge at the Internal Affairs Division of ATF's Office of Professional

Responsibility and Security Operations, stating that all records relating to McLaughlin's 2009 performance appraisal and the records pertaining to Tampa Field Division Special Agent of the Quarter awards are maintained at ATF's Tampa Field Division in Tampa, Florida and are accessible to Tampa Field Division management.  (Ryan Decl. ¶¶ 4-5.)  McLaughlin argues that venue is proper in this district because the defendant "appears to have ultimate custody of the records in this case in Defendant's main office, in Washington, D.C."  (Pl.'s Opp'n at 2.)  In support of this contention, McLaughlin cites evidence that an ATF employee in Washington, D.C. admitted that her office possessed an investigative file relating to McLaughlin's EEO complaint.  (Pl.'s Opp'n, Ex. 3, Letter from Stacie D. Brockman to Administrative Judge William Rodriguez.)  However, "[w]hile it may be true that records relating to plaintiff's unlawful employment practice complaint and the investigation thereof are maintained in the District of Columbia, such records are not 'employment records' within the meaning of the [special venue provision]." Amirmokri v. Abraham, 217 F. Supp. 2d 88, 90-91 (D.D.C. 2002); see also Washington v. General Electric Corp., 686 F. Supp. 361, 363 (D.D.C. 1988) (concluding that the presence of employment records at the EEOC did not make venue proper in the District of Columbia because "it is clear that Congress intended venue to lie on the basis of the presence of

records only in the one judicial district in which the complete, master set of employment records is maintained and administered") (internal quotations omitted).

With regard to the third potential basis for venue -- the location where the aggrieved person would have worked but for the alleged unlawful employment practice -- McLaughlin does not allege or argue that she sought a position in the District of Columbia or was denied such a position as a result of the alleged discrimination and retaliation.  Venue, then, is improper in this district, and the fourth basis under the special venue statute is unavailable to McLaughlin since the Department of Justice is found within the district where the unlawful acts allegedly were committed and the relevant records are maintained.

McLaughlin's additional arguments that venue is proper in this district are unavailing.  McLaughlin contends that "none of the relevant witnesses is located in Florida."  (Pl.'s Opp'n at 3.)  The Attorney General disputes that point.  Even assuming that McLaughlin is correct, though, that factor is of no moment.  The convenience of witnesses certainly is a factor that courts consider under 28 U.S.C. § 1404(a), which grants courts discretion to transfer a case to another district where it properly may have been brought or to which all parties have consented.  28 U.S.C. § 1404(a); see also Wyandotte Nation v.

Salazar, 825 F. Supp. 2d 261, 265 (D.D.C. 2011) (citing Bederson v. United States, 756 F. Supp. 2d 38, 46 (D.D.C. 2010)). However, the convenience of witnesses is not a factor that makes proper an otherwise improper venue.  In the context of Title VII suits, it was the "intent of Congress to limit venue to the judicial districts concerned with the alleged discrimination." Stebbins v. State Farm Mutual Auto. Ins. Co., 413 F.2d 1100, 1102 (D.C. Cir. 1969).  McLaughlin may sue only in a district that satisfies the restrictive requirements of Title VII's special venue provision, despite her assertions of inconvenience.

McLaughlin also argues that venue is proper because the defendant "accepted venue" in this district in McLaughlin's EEOC case which was "assigned to the Miami Field Office of the EEOC" but which "[d]efendant proceeded to litigate from its headquarters in Washington, D.C."  (Pl.'s Opp'n at 1.)  The special venue provision, however, does not identify as a proper district any district in which a plaintiff has previously pursued administrative remedies.  The fact that the agency litigated the EEO action out of Washington, D.C. is of no moment.  See Haley, 667 F. Supp. 2d at 142 (finding the fact that the District of Columbia was the location of plaintiff's EEO appeal irrelevant to Title VII's venue inquiry).

Similarly, McLaughlin argues that the defendant "accepted venue" in this court in a separate case, McLaughlin v. Holder, Civil Action No. 08-1256 (RMC) (D.D.C. filed July 22, 2008), that she brought against the Attorney General and that she contends is related to the instant one. (Id. at 2.)[1]  McLaughlin maintains that it would be a financial and emotional hardship for her to litigate the separate case and the present one in two different federal districts. (Pl.'s Opp'n, McLaughlin Aff. ¶ 11.)  There is no indication in the record that the Attorney General contested venue in the separate case. Under Rule 12(h), a defendant waives the defense of improper venue if he does not assert it in an initial responsive pleading. Fed. R. Civ. P. 12(h). However, McLaughlin cites no authority for the proposition that the scope of any waiver extends beyond the case in which the waiver occurs to other cases involving the same parties. Moreover, the presence of a related case in this district does not factor into the Title VII venue inquiry. See Hamilton v. Paulson, Civil Action No. 07-1365 (RBW), 2008 WL 4531781, at *3 (D.D.C. Oct. 10, 2008) (finding "[t]he plaintiff's contention that the Court should deny the

---

[1] McLaughlin did not file the present case as related to the earlier one (see Local Rule 40.5(b)(2) (requiring plaintiff to file notice of related case at time of filing civil action); Def.'s Reply, Ex. 1, Civil cover sheet for the complaint), although the earlier complaint brings Title VII claims alleging instances of discrimination similar to those alleged here.

defendant's [12(b)(3)] motion because he has a related case pending in this Court" unsound since the "argument amounts to a claim that pendent venue rests in this district, a concept that members of this Court have rejected repeatedly in the Title VII context").[2]

In sum, notwithstanding McLaughlin's asserted inconvenience and hardship, the special requirements of Title VII compel the conclusion that venue is not proper in this district.  Although McLaughlin's complaint could be dismissed for improper venue, it is in the interest of justice to transfer her case to the Middle District of Florida, where venue is proper under the first two prongs of the special venue provision.  McLaughlin alleges that the unlawful employment practices were committed by ATF personnel in Orlando and Tampa, Florida, both located in that district.  In addition, McLaughlin's "employment records" are also maintained and administered in that district.[3]

---

[2] McLaughlin's reliance on <u>Fund for Animals v. Norton</u>, 352 F. Supp. 2d 1 (D.D.C. 2005), in support of her argument that the presence of a related case militates in favor of venue, is misplaced.  There was no dispute there that venue was proper, and the court, citing its own involvement with prior litigation between the parties, simply exercised its discretion under § 1404 to deny the defendant's motion to transfer the case to a different district.  The case does not stand for the proposition that a motion to transfer from a district where venue is *not* proper may be denied simply because a court has prior experience with the issues or parties.

[3] Because McLaughlin may pursue her claims in the Middle District of Florida, the fact that ATF is "centrally located" in

CONCLUSION AND ORDER

McLaughlin has not established that venue in the District of Columbia is proper for her Title VII claims. Because venue in the Middle District of Florida would be proper for her Title VII claims, the case will be transferred there under § 1406(a). Accordingly, it is hereby

ORDERED that the defendant's motion [6] to dismiss, or in the alternative to transfer be, and hereby is, GRANTED IN PART and DENIED IN PART. The motion to dismiss for improper venue is denied and the motion to transfer venue is granted. The Clerk is directed to transfer this case to the United States District Court for the Middle District of Florida.

SIGNED this 25th day of May, 2012.

```
                         _____/s/_____
                         RICHARD W. ROBERTS
                         United States District Judge
```

---

this district need not be considered. The location of the defendant's principal office provides a basis for venue only if the defendant "is not found within any . . . district" implicated by the first three bases of the special venue provision. Walden, 629 F. Supp. 2d at 14 (quoting 42 U.S.C. § 2000e-5(f)(3)).